EXHIBIT "L"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| MAFCOTE, INC., | : | CASE NO. 1:04 CV 853 |
| Plaintiff, | : | (Judge Dlott) |
| v. | : | **PLAINTIFF MAFCOTE, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT GENATT ASSOCIATES, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| GENATT ASSOCIATES, INC., | : | |
| Defendant. | : | |

Pursuant to Fed. R. Civ. P. 36, Plaintiff Mafcote, Inc. ("Mafcote") answers, objects or otherwise responds as follows to the First Set of Requests for Admissions of Defendant Genatt Associates, Inc. ("Genatt").

## GENERAL OBJECTIONS

1. Mafcote objects to each and every request to the extent that it is vague, ambiguous or susceptible to more than one interpretation. Honeycutt v. First Fed. Bank, No. 02-2710 MI/V, 2003 U.S. Dist. LEXIS 3629, at *3 (W.D. Tenn. Mar. 5, 2003) ("[s]tatements that are vague, or statements susceptible of more than one interpretation, defeat the goals of Rule 36 and are properly objectionable."); Diederich v. Department of Army, 132 F.R.D. 614, 619-21 (S.D.N.Y. 1990).

2. Mafcote objects to each and every request to the extent that it is not direct, simple and limited to singular, relevant facts. Rhone-Poulenc Rorer, Inc. v. Home Indemn. Co., No. 88-9752, 1992 U.S. Dist. LEXIS 20249, at *14 (E.D. Pa. Dec. 28, 1992); Herrera v. Scully, 143 F.R.D. 545, 548-49 (S.D.N.Y. 1992); SEC v. Micro-Moisture Controls, Inc., 21 F.R.D. 164,

166 (S.D.N.Y. 1957) (statements that combine fact, conclusion and argument are properly objectionable).

3. Mafcote objects to each and every request to the extent that it cannot be answered until Mafcote has completed discovery or Genatt has provided requested discovery.

4. Mafcote objects to each and every request to the extent that it seeks responses that are not relevant to the subject matter of this litigation or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

5. Mafcote objects to each and every request to the extent that it is harassing, unduly burdensome, oppressive and overly broad. Fed. R. Civ. P. 26(b)(1).

6. Mafcote objects to each and every request to the extent that it seeks information that is privileged by statute or common law, including privileged communications between attorney and client or attorney work-product.

7. Mafcote objects to each and every request to the extent that it is compound and addresses more than one matter. Fed. R. Civ. P. 36 requires that "[e]ach matter of which an admission is requested shall be separately set forth."

8. Mafcote objects to each and every request to the extent that it seeks an admission to a legal conclusion.

9. Mafcote objects to each and every request to the extent that it requires a detailed response or an explanation. Diederich, 132 F.R.D. at 619; Dubin v. E.F. Hutton Group, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989).

# REQUESTS FOR ADMISSIONS

1. Admit that the monetary damages sought in this action arose from contracts that were cancelled because physical damage to the Boiler caused a Mafcote Affiliate to be unable to operate a steam foil from approximately July 16, 2001 - August 15, 2001.

**RESPONSE:** General Objection Nos. 7 and 10. Subject to and without waiving all General Objections, Mafcote admits that a portion of the monetary damages sought in this action arose due to physical damage to the Boiler that caused Miami Wabash to be unable to operate a steam foil. Mafcote denies the remainder of Request for Admission No. 1.

2. Admit that the orders placed by Royal Consumer Products that were cancelled in August 2001 by that entity as a result damage to the Boiler were placed prior to July 16, 2001.

**RESPONSE:** Admitted.

3. Admit that Mafcote or Miami Wabash initially reported its insurance claim for the July 16, 2001 damage to the Boiler to the wrong insurance company.

**RESPONSE:** Admitted.

4. Admit that Mafcote did not report any damage to the Boiler to Genatt until August 13, 2001 or after.

**RESPONSE:** Admitted.

5. Admit that a temporary boiler was installed and operational at the Miami Wabash facility on August 15, 2001.

**RESPONSE:** Admitted.

6. Admit that, subject to an insurance deductible, CCIC agreed to indemnify Mafcote and/or the Mafcote Affiliates for the costs of installing a temporary boiler at the Franklin, Ohio facility as a result of damage to the Boiler.

**RESPONSE:** Admitted.

7. Admit that subject to an insurance deductible, CCIC agreed to indemnify Mafcote and/or the Mafcote Affiliates for the costs necessary to fix the Boiler that was damage on July 16, 2001.

**RESPONSE:** Admitted.

8. Admit that Mafcote's damages in this case arise from one Mafcote Affiliate allegedly defaulting on supply contracts to another Mafcote Affiliate, causing the latter Mafcote Affiliate to purchase substitute goods from an entity that was not a Mafcote Affiliate.

**RESPONSE:** General Objection Nos. 7 and 9. Subject to and without waiving all General Objections, Mafcote admits that a portion of its damages in this case arose because Miami Wabash was unable to provide paper products that required the use of a steam foil to Royal Consumer Products, LLC due to damage to a boiler. To meet its orders, Royal had to purchase substitute goods from third-party suppliers at a higher cost. Mafcote denies the remainder of Request for Admission No. 8.

9. Admit that if Miami Wabash and/or Miami Valley Paper had been held liable to Royal Consumer Products for defaulting on its supply contracts over the period 8/13/01 - 8/15/01, then that damage would be a business interruption loss covered under the CCIC Policy.

**RESPONSE:** General Objection No. 8. Mafcote further objects to Request for Admission No. 9 because it seeks an admission to a legal conclusion regarding coverage provided under the CCIC Policy. Subject to all General Objections, Mafcote denies Request for Admission No. 9 for lack of information.

10. Admit that the physical damage to the Boiler was fixed for a cost of $16,000.

**RESPONSE:** Admitted.

11. Admit that Miami Wabash and/or Miami Valley Paper were able to continue production of some paper products on the No. 7 coater at Franklin, Ohio from July 16, 2001 - August 15, 2001 despite damage to the Boiler.

**RESPONSE:** General Objection No. 9. Subject to and without waiving all General Objections, Mafcote admits that Miami Wabash was able to continue production of paper products not requiring the use of a steam foil on the No. 7 coater at Franklin, Ohio from July 16, 2001 to August 15, 2001 despite damage to the boiler. Mafcote denies the remainder of Request for Admission No. 11.

12. Admit that the No. 7 coater whose production was limited by damage to the Boiler could produce approximately 60,000 - 70,000 pounds per day of the type of product that Royal Consumer Paper had ordered but cancelled.

**RESPONSE:** General Objection No. 1. Mafcote can neither admit nor deny Request for Admission No. 12 because it is vague and subject to more than one interpretation. It is not clear whether the request refers to production of paper products produced with steam foil on the No. 7 coater while the boiler was operable or during the period of time in which the boiler was inoperable. Mafcote therefore denies Request for Admission No. 12.

Respectfully submitted,

Of Counsel:

Charles J. Faruki (0010417)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
E-Mail: cfaruki@ficlaw.com

*Jeffrey S. Sharkey by Angela Sinkovits*
Jeffrey S. Sharkey (0067892)
  Trial Attorney
Melinda K. Burton (0064618)
Angela M. Sinkovits (0076964)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3747
Telecopier: (937) 227-3717
E-Mail: jsharkey@ficlaw.com

Attorneys for Plaintiff Mafcote, Inc.

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff Mafcote, Inc.'s Objections and Responses to Defendant Genatt Associates, Inc.'s First Set of Requests for Admissions has been served via regular U.S. mail, postage prepaid, upon the following counsel of record, this 22d day of December, 2005:

>David W. Walulik, Esq.
>Joseph J. Dehner, Esq.
>FROST BROWN TODD LLC
>2200 PNC Center
>201 East Fifth Street
>Cincinnati, Ohio 45202
>
>Attorneys for Defendant and Third-Party Plaintiff Genatt Associates, Inc.
>
>John C. Scott, Esq.
>FALKNER & TEPE, LLP
>2200 Fourth & Vine Tower
>Cincinnati, Ohio 45202
>
>Frederic R. Mindlin, Esq.
>Mound, Cotton, Wollan & Greengrass
>One Battery Plaza
>New York, N.Y. 10004-1486
>
>Attorneys for Third-Party Defendant Continental Casualty Insurance Company

_____
Angela M. Sinkovits

159505.1